1  DEAN BROWNING WEBB, ESQUIRE, ricoman1968@aol.com
   ATTORNEY AND COUNSELOR AT LAW
2  THE LAW OFFICES OF DEAN BROWNING WEBB
   8002 N.E. HIGHWAY 99, SUITE B, PMB # 256
3  VANCOUVER, WASHINGTON ZIP CODE 98665-8833

4  TELEPHONE: [503] 629-2176

6  ATTORNEYS AND COUNSELORS AT LAW FOR PLAINTIFF:

7  RHONDA FARRAH

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  SAN JOSE DIVISION

| | |
|---|---|
| RHONDA FARRAH, | ) CIVIL NO.: CV |
| | ) |
| Plaintiff, | ) JURY TRIAL DEMAND |
| | ) |
| vs. | ) COMPLAINT: |
| | ) |
| MONTEREY TRANSFER & | ) FOR BREACH OF CONTRACT |
| STORAGE, INC., a California | ) FOR CONVERSION |
| corporation, | ) |
| | ) [Title 49 U.S.C. §§ 14706(e)(1)] |
| Defendant. | ) |

Plaintiff Rhonda Farrah complains and alleges against Monterey Transfer & Storage, Inc., a California corporation, as follows.

///
///
///
///
///
///
///

COMPLAINT

# COMPETENT FEDERAL SUBJECT MATTER JURISDICTIONAL AND FEDERAL VENUE ALLEGATIONS

1. Competent subject matter jurisdiction and venue exists, in whole and/or in part, pursuant to the following federal statutes:

   A. Federal Common Carrier Jurisdiction [Title 49 United States Code Section 14706(e)(1)];

   B. Federal Question Jurisdiction [Title 28 United States Code §1331];

   C. Federal Regulation of Commerce Jurisdiction [Title 28 United States Code §1337];.

   D. Federal Supplemental Jurisdiction [Title 28 United States Code §1367(b)]; and,

   E. Federal General Venue [Title 28 United States Code §1391(b)].

# PARTIES and FACTUAL ALLEGATIONS

2. Plaintiff Rhonda Marie Farrah ["Plaintiff"] is a citizen and resident of the City of Monterey, County of Monterey, State of California.

3. Monterey Transfer & Storage, Inc., ["Monterey"] is, and at all times material herein was, a corporation duly organized and existing under the general corporation laws of California, maintaining its principal place of business within the City of Salinas, County of Monterey, State of California, and is engaged in activities that affect federal commerce.

4. Plaintiff is the previous owner of a single family personal residence situated at 3320 Kingsley Court, Pebble Beach, California ["Pebble Beach Property"]. On or about January 9, 2002, Plaintiff, acting by and through her attorney, Barry K. Rothman, ("Rothman") requested Monterey to submit a written estimate of costs and expenses to package and transfer various tangible personal property items in the Pebble Beach Property to be stored at Monterey's storage facility at 414 West Market Street, Salinas, CA. Monterey's agent, Brian D. Reppert,

1  submitted to Rothman a written estimate of costs of $1,860.00.

2      5.    Plaintiff alleges that at all times material therein, Rothman acted upon
3  plaintiff's behalf both as plaintiff's attorney and also under an express written
4  power of attorney, and therefore acted in a fiduciary representative capacity of trust
5  and confidence on behalf of plaintiff.

6      6.    During the month of January, 2002, Monterey's agent, Brian D.
7  Reppert, also communicated with Plaintiff's sister, Sonia M. Farrah, via telephone,
8  regarding the packaging and transfer of the various tangible personal property items
9  from the Pebble Beach Property. Sonia M. Farrah was physically present at the
10 residence to witness the packaging and transferring of those property items, and the
11 ultimate delivery thereof to the storage facility for placement within storage vaults.
12 A total of three [3] vaults were leased by plaintiff.

13     7.    On or about January 11, 2002, Monterey submitted to Rothman to
14 execute upon behalf of plaintiff an Agreement for Moving Services , Carrier's Order
15 # W/B # 1031, Lot # 15303. Rothman failed to elect an alternate method of
16 coverage for loss and damage, which included: (A). 60 cents per pound, per article;
17 (B). Actual cash value, and  ©). Full value protection. As a direct and proximate
18 result of Rothman's failure to elect an appropriate coverage for loss and damage,
19 plaintiff was limited to damages not to exceed $20,000, as provided under tariff by
20 California Public Utilities Commission.

21     8.    On or about February 4, 2002, Rothman sent a letter to Monterey's
22 agent, Brian D. Reppert, requesting that Monterey deliver an inventory list to
23 Rothman of all items in storage for review. Monterey complied with this request,
24 providing the inventory list.

25     9.    Plaintiff alleges that between January, 2002, and up through and
26 including January, 2005, Rothman's law offices was responsible for paying the
27 monthly charges imposed by Monterey upon plaintiff for the storage of three [3]
28 vaults containing plaintiff's tangible personal property items.

3    COMPLAINT

1    10.  Plaintiff alleges that in April, 2004, Monterey agent Trae Schick notified Rothman via telephone that one of three vaults leased by plaintiff was inexplicably lost from the storage facility and that Monterey's efforts to retrieve and locate the missing vault were unsuccessful. Rothman failed to initiate the claim procedure required to obtain damage recovery upon behalf of plaintiff.

11.  On or about January 13, 2005, Monterey delivered plaintiff's tangible personal property items to plaintiff's designated place of residence in Carmel Valley, California.

12.  On May 19, 2006, plaintiff, by and through counsel, submitted to Monterey a Statement of Claim upon behalf of plaintiff for damages arising from the loss of the tangible personal property items that were contained within the missing vault admittedly lost by Monterey, by and through its own express, unequivocal, explicit admission. The Statement of Claim specifically identified each and every individual item of tangible personal property that belonged to plaintiff that Monterey lost, disposed of, and/or otherwise failed to maintain for the plaintiff that was within Monterey's exclusive control and/or possession.

13.  Plaintiff alleges that during all times material herein Monterey exercised exclusive control and possession over the three vaults located upon Monterey's premises.

14.  On or about August 12, 2006, plaintiff's counsel received a letter from York Claims Service, Inc., the insurance carrier for Monterey, denying the Statement of Claim.

15.  Plaintiff seeks to recover damages according to offer of proof at time of trial. Plaintiff alleges that the conduct of Monterey was wilful, wanton, and reckless, thereby warranting an award of exemplary and punitive damages. Plaintiff is also entitled to recover attorneys' fees and costs. Plaintiff complied with the conditions of Title 49 United States Code Section 14706(e)(1) for purposes of initiating these proceedings.

4    COMPLAINT

...
Case 5:07-cv-06044-JW    Document 1    Filed 11/29/2007    Page 5 of 8

# FIRST CLAIM FOR RELIEF
## [For Breach of Contract]
## [Against Defendant]

16. For Plaintiff's First Claim for Relief, plaintiff realleges and incorporates Paragraph 1 through 15.

17. Plaintiff alleges that at all times material herein that plaintiff complied with the terms and conditions of the Agreement for Moving Service.

18. Plaintiff alleges that Monterey breached the Moving Agreement in the following particulars:

- ♦ Failed to maintain and account for the missing vault containing plaintiff's tangible personal property items.
- ♦ Failed to search and locate the missing vault containing plaintiff's tangible personal property items.

19. As a direct and proximate result of the afore-referenced breaches, plaintiff incurred compensatory damages, to wit, the loss of the tangible personal property items specifically identified within the Statement of Claim.

20. Plaintiff is entitled to recover compensatory damages according to offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs.

///
///
///
///

5    COMPLAINT

## SECOND CLAIM FOR RELIEF
### [For Commission of Conversion]
### [Against Defendant]

21. For Plaintiff's Second Claim for Relief, plaintiff realleges and incorporates Paragraph 1 through 15, and the First Claim for Relief.

22. Plaintiff alleges that at all times material herein that Monterey exercised substantial dominion and control over plaintiff's tangible personal property items that were stored in vaults located at Monterey's premises.

23. Plaintiff alleges that Monterey converted plaintiff's tangible personal property items that were within the exclusive control and possession of Monterey as follows:

- ♦ Failed to maintain and account for the missing vault containing plaintiff's tangible personal property items.
- ♦ Failed to search and locate the missing vault containing plaintiff's tangible personal property items.

24. As a direct and proximate result of the afore referenced conduct committed by Monterey, plaintiff incurred compensatory damages, to wit, the loss of the tangible personal property items specifically identified within the Statement of Claim.

25. Plaintiff is entitled to recover compensatory damages according to offer of proof at time of trial. Plaintiff also alleges that the conduct of Monterey was willful, wanton, and reckless, justifying recovery of exemplary and punitive damages. Plaintiff is also entitled to recover attorneys' fees and costs.

6     COMPLAINT

# PRAYER

WHEREFORE, plaintiff prays to recover judgment against Monterey, as follows:

1. For compensatory damages according to offer of proof at time of trial.
2. For exemplary and punitive damages.
3. For attorneys' fees.
4. For costs.
5. For such other and further relief as the Court finds just and proper in the premises.

Dated: 26 November 2007.

                DEAN BROWNING WEBB
                ATTORNEY AND COUNSELOR AT LAW

                */s/Dean Browning Webb*
                DEAN BROWNING WEBB
                ATTORNEY S FOR PLAINTIFF:
                RHONDA  FARRAH

///

///

///

///

///

///

///

7    COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands that this cause be tried before a jury pursuant to the Seventh Amendment of the Constitution of the United States of America, Rule 38(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 3.6 of the Local Civil Rules of the United States District Court for the Northern District of California.

Dated: 26 November 2007.

                                    DEAN BROWNING WEBB
                                    ATTORNEY AND COUNSELOR AT LAW

                                    */s/ **Dean Browning Webb***
                                    DEAN BROWNING WEBB
                                    ATTORNEY S FOR PLAINTIFF:
                                    RHONDA FARRAH