Gregg S. Garfinkel, Esq., SBN 156632
Amy W. Lewis, Esq., SBN 158999
STONE | ROSENBLATT | CHA, PLC
A Professional Law Corporation
21550 Oxnard Street, Suite 200
Woodland Hills, California  91367
Tel:  (818) 999-2232
Fax:  (818) 999-2269
email: ggarfinkel@srclaw.com

Attorneys for Defendant
MONTEREY TRANSFER & STORAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT - SAN JOSE DIVISION

| | |
|---|---|
| RHONDA FARRAH,<br><br>Plaintiff<br><br>v.<br><br>MONTEREY TRANSFER & STORAGE, INC., a California corporation,<br><br>Defendant. | Case No. C07-06044 JW<br><br>Complaint filed: 11/29/07<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[49 U.S.C. 14706, 13907(a)]<br><br>DATE:       February 25, 2008<br>TIME:        9:00 a.m.<br>COURTROOM:   8 |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

1. <u>**INTRODUCTION**</u>

Plaintiff alleges that this matter is governed by the Carmack Amendment. (Complaint, ¶1).  Plaintiff also alleges that certain of her household goods were missing and/or converted by Defendant.  (Complaint, ¶¶18 and 23).  Plaintiff demands compensation for the alleged loss and has sued Defendant on both

///

///

///

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

federal and state law theories to recover same. (Complaint, ¶¶1, 18 and 23).[1] As demonstrated herein, Plaintiff's remedy, if any, is found under federal law.

## 2. THE CARMACK AMENDMENT IS PART OF A COMPREHENSIVE SCHEME DESIGNED TO BRING UNIFORM TREATMENT TO *EVERY FACET* OF THE CARRIER-SHIPPER RELATIONSHIP, INCLUDING FAILURE TO CARRY OUT DELIVERY.

Congress enacted the Carmack Amendment to the Interstate Commerce Act ("ICA") in 1906, in response to the chaotic disparity which resulted from the application of varying state laws to interstate shipping. The Carmack Amendment defined the parameters of carrier liability for loss and damage to goods transported under interstate bills of lading, bringing uniform treatment to the carrier-shipper relationship. The Amendment, now set forth at 49 U.S.C. § 14706, states in relevant part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. *The liability imposed under this paragraph is for the actual loss or injury to the property* . . . (Emphasis added.)

Within a few years of the Carmack Amendment's passage, the United States Supreme Court addressed its dual goals of uniformity and preemptive scope. In the seminal case of *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913), the Supreme

---

[1] Given Plaintiff's counsel's failure to include his California state bar number combined with defense counsel's inability to locate Plaintiff's counsel on the California State Bar website, it is unclear whether Plaintiff's counsel has authority to represent Plaintiff in this court.

Court defined Carmack preemption in the broadest terms:

> Almost every detail of the subject [interstate common carriers] is covered so completely that there can be no rational doubt but that congress intended to take possession of the subject, and supersede all state regulations with reference to it . . . *Id.* At 505-06.

*Adams Express* held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims are preempted. The Court explained the primary objective of the statute is the establishment of a uniform national policy governing liability of interstate carriers.

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation form one state to another. The congressional action has made an end to this diversity . . .
>
> *Id.* at 505.

Three years later, the Supreme Court reaffirmed *Adams Express* in *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190 (1916). *Blish Milling* held that the Carmack Amendment is "comprehensive enough to embrace responsibility *for all losses* resulting from *any failure* to discharge a carrier's duty as

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

to *any part* of the agreed transportation . . . ." 241 U.S. at 196. (Emphases added.)

Each succeeding Supreme Court decision interpreting the scope of Carmack had repeated the principles enunciated *Adams Express* and *Blish Milling*, the comprehensiveness of application and uniformity of treatment regardless of state laws. *See, e.g. Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.* 460 U.S. 533, 535 (1983) *quoting Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918)("As to interstate shipments, . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation."); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) *Charleston & Western Carolina Ry Co. v. Varnville Furniture Co.* 237 U.S. 597 (1915) (holding that preemption applies not only to state law claims which directly contradict the procedures or remedies set out in Carmack, but also encompasses state causes of action which supplement Carmack relief); *Atchison T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916).

All Circuit Courts of Appeal, including the Ninth Circuit, have held that Carmack's broad scope *completely preempts all state law claims*, whether they contradict or supplement Carmack remedies. *Hughes Aircraft v. North American Van Lines* 970 F.2d 609, 613 (9th Cir. 1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against . . . a common carrier."); *Cleveland v. Beltman North American Van Lines Co. Inc.* 30 F.3d at 379 (2d Cir. 1994) (Carmack preempted federal common law claim for punitive damages based upon bad faith claims handling); *Shao v. Link Cargo (Taiwan) Limited* 986 F.2d 700, 706-707 (4th Cir. 1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment") *Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 383 (5th Cir. 1998) (Carmack preempted plaintiff's claims for compensatory, emotional and punitive damages based on the carrier's alleged "egregious conduct in the

course of discharging its duties under the shipping contract"); *Moffit v. Bekins Van Lines Co.* 6 F.3d 305, 306-07 (5th Cir. 1993) (Carmack Amendment preempted claims of misrepresentations, fraud, gross negligence, intentional infliction of emotional distress and violation of Texas Deceptive Trade Practices Act; *W.D. Lawson & Company v. Penn. Central Company*, 456 F.2d 419, 421 (6th Cir. 1972) ("As to the . . . issue . . . [of] whether or not the Carmack Amendment preempted common law suits . . . we hold that it did"); (*Hughes v. United Van Lines* 829 F.2d 1407, 1415 (7th Cir. 1987) ("[We] hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act . . . ." *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) ("[T]he Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading.") *Smith v. United Parcel Service* 296 F.3d 1244, 1246-49 (11th Cir. 2002) (Carmack preempted plaintiffs' claim for damages due to the carrier's alleged failure to provide service to the plaintiffs).

Last year, the Ninth Circuit Court of Appeals expanded the preemptive ambit of the Carmack Amendment in deciding the matter of *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007).

> "Our holding in Hughes applies to Hall's common law fraud and conversion claims, even though Hall's claims arise from events other than loss or damage to their property. *It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms.* See *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (delay); *Blish Milling*, 241 U.S. at 197 (mistaken delivery); *Adams*

*Express*, 226 U.S. at 505-06 (loss). It applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery. *See Blish Milling*, 241 U.S. at 197 (conversion, or "trover"); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir.2002) (dismissing claims that carrier committed fraud by accepting shipments it "had no intention of fulfilling or attempting to deliver") (emphases added)(internal quotation marks omitted)).

Thus, the *Hall* Court found that a shipper's claims that the household goods carrier engaged in conduct tantamount to extortion did not escape the preemptive ambit of Carmack. Further, the *Hall* Court explained that Plaintiff cannot circumvent preemption by alleging "finer distinctions" between types of contracts and damages. *Hall, supra*, 476 F.3d at 688.

It is against this vast and pervasive backdrop that Plaintiffs' state law claims must be viewed. Stated succinctly, Plaintiffs' claims - which are predicated entirely upon provisions of California's Civil Code - cannot escape the preemptive ambit of Carmack.

3. **THE STATE LAW CLAIMS ASSERTED BY PLAINTIFF IN THE COMPLAINT ARE PREEMPTED BY THE CARMACK AMENDMENT.**

As it is undisputed that Plaintiff has alleged the application of the Carmack Amendment in her litigation, it is clear that Plaintiff's causes of action for breach of contract and conversion which are based on California state law are *completely preempted* by the Carmack Amendment and should be dismissed with prejudice.

The need for uniformity and certainty are the exact reason why state law claims for damages are precluded by the Carmack Amendment. *Cleveland v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

*Beltman North American Co.*, *supra*, at 373; *See also, Pietro Culotta Grapes v. Southern Pacific Transport*, 917 F. Supp, 713 (E.D. Cal. 1996).) As Plaintiff has alleged the application of the Carmack Amendment in her Complaint, it is clear that Plaintiff's state-law based causes of action are *completely preempted* by the Carmack Amendment and should be dismissed with prejudice.

Plaintiff should be given leave to amend her Complaint to assert one cause of action for damages under the Carmack Amendment to the Interstate Commerce Act. (49 USC 14706).

4. **CONCLUSION**

The Court should dismiss, with prejudice, Plaintiff's entire action, under Rule 12(b)(6) of the Federal Rules of Civil Procedure and under the Carmack Amendment.

Dated:   January 10, 2008

STONE, ROSENBLATT & CHA
A Professional Corporation

By: /s/ Amy W. Lewis
GREGG S. GARFINKEL
AMY W. LEWIS
Attorneys for Defendant
MONTEREY TRANSFER &
STORAGE, INC.