1  Gregg S. Garfinkel, Esq., SBN 156632
   Leslie A. Blozan, Esq., SBN 081481
2  STONE | ROSENBLATT | CHA, PLC
   A Professional Law Corporation
3  21550 Oxnard Street, Suite 200
   Woodland Hills, California 91367
4  Tel: (818) 999-2232
   Fax: (818) 999-2269
5  email: ggarfinkel@srclaw.com

6
   Attorneys for Defendant
7  MONTEREY TRANSFER & STORAGE, INC.

8
                   UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT - SAN JOSE DIVISION
10

11 RHONDA FARRAH,                    )   Case No. C07-06044 JW
                                     )
12         Plaintiff                 )   Complaint filed: 11/29/07
                                     )
13     v.                            )   NOTICE OF MOTION TO DISMISS
                                     )   UNDER RULE 12(b)(1) and 12(b)(6)
14 MONTEREY TRANSFER &               )   OF FEDERAL RULES OF CIVIL
   STORAGE, INC., a California       )   PROCEDURE
15 corporation,                      )
                                     )
16         Defendant.                )
                                     )
17 _____   )
                                     )   DATE:       April 7, 2008
18                                       TIME:       9:00 a.m.
                                         COURTROOM:  8
19

20 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21     PLEASE TAKE NOTICE that on April 7, 2008 at 9:00 a.m. in Courtroom 8 of

22 the United States District Court, Northern District, located in San Jose, California,

23 defendant Monterey Transfer and Storage, Inc. will move, and does hereby move

24 the court to dismiss plaintiff's first amended complaint under F.R.C.P. 12(b)(1), on

25 the grounds that the court lacks subject matter jurisdiction, and under F.R.C.P.

26 12(b)(6) on the grounds that the first amended complaint fails to state a claim for

27 which relief may be granted.

28 ///

This motion is made and based upon the grounds that the first amended complaint asserts federal jurisdiction under the Carmack Amendment to the Interstate Commerce Act, 49 USC 14706, but pleads facts which demonstrate that the underlying claim involves a move in intrastate commerce, thus not within the jurisdiction of the Carmack Amendment.

This motion is further made and based upon the grounds that the first amended complaint asserts a state law claim, based strictly upon intrastate commerce and activities within the state of California, thereby rendering it not the proper subject of a claim under the Carmack Amendment to the Interstate Commerce Act, 49 USC 14706.

This motion shall also be made and based upon upon all papers and pleadings on file herein, upon this Notice and the Memorandum of Points and Authorities filed herewith, and upon such further evidence as may be presented at time of hearing.

Dated:       February 12, 2008

STONE, ROSENBLATT & CHA
A Professional Corporation

By: _____
GREGG S. GARFINKEL
LESLIE A. BLOZAN
Attorneys for Defendant
MONTEREY TRANSFER &
STORAGE, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, CA 91367.

On February 12, 2008, I served the foregoing documents described as

- Notice Of Motion To Dismiss Under Rule 12(B)(1) And 12(B)(6) Of Federal Rules Of Civil Procedure
- Memorandum Of Points & Authorities In Support Of Notice Of Motion To Dismiss Under Rule 12(B)(1) And 12(B)(6) Of Federal Rules Of Civil Procedure

in the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Woodland Hills, California, addressed as follows:

Dean Browning Webb
8002 N. E. Highway 99, Ste. B
PMB#256
Vancouver, WA 98665-8833
(503) 629-2176
ricoman@aol.com

I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day in the ordinary course of business, addressed as indicated above.

Executed on February 12, 2008, at Woodland Hills, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

                                            _____
                                            Judith Nourse