Gregg S. Garfinkel, Esq., SBN 156632
Amy W. Lewis, Esq., SBN 158999
STONE | ROSENBLATT | CHA, PLC
A Professional Law Corporation
21550 Oxnard Street, Suite 200
Woodland Hills, California 91367
Tel: (818) 999-2232
Fax: (818) 999-2269
email: ggarfinkel@srclaw.com

Attorneys for Defendant
MONTEREY TRANSFER & STORAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT - SAN JOSE DIVISION

| | |
|---|---|
| RHONDA FARRAH,<br><br>Plaintiff<br><br>v.<br><br>MONTEREY TRANSFER & STORAGE, INC., a California corporation,<br><br>Defendant. | Case No. C07-06044 JW<br><br>Complaint filed: 11/29/07<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE<br><br>[49 U.S.C. 14706, 13907(a)]<br><br>DATE:        April 7, 2008<br>TIME:        9:00 a.m.<br>COURTROOM:   8 |

## MEMORANDUM OF POINTS AND AUTHORITIES

1. **INTRODUCTION**

Plaintiff originally filed a complaint asserting California common law claims for relief in an action alleged to be governed by the Carmack Amendment[1]. Defendant Monterey Transfer & Storage, Inc. (hereinafter Monterey) filed a motion to dismiss the complaint, based upon F.R.C.P. 12(b)(6), asserting that all California common law claims were pre-empted by the Carmack Amendment to the Interstate

---

[1] Complaint, pg. 2, ¶ 1.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

Commerce Act.[2]  The parties agreed that plaintiff would file a first amended complaint, eliminating the California common law claims.  That pleading was filed on February 1, 2008, asserting "contravention of Federal Motor Carrier Safety Administration Act.[3] " Federal jurisdiction of this dispute is claimed under 49 USC § 14706(d), (e)(1), 28 USC §§ 1331, 1137.[4]

Although the amended pleading now limits itself to a Carmack claim, the facts alleged to support the Carmack claim demonstrate that the dispute arises out of activities which were strictly intrastate in nature.  On the face of the pleading, it is evident that no interstate carriage of goods was involved, thus plaintiff's claim, asserted as a Carmack claim, fails to fall within the jurisdiction of this court and fails to state a claim for which relief can be granted.[5]

2.  **FEDERAL JURISDICTION DOES NOT APPLY TO PLAINTIFF'S CLAIM WHICH IS FACTUALLY PLED TO INVOLVE INTRASTATE COMMERCE.**

   A.  Federal Jurisdiction of Plaintiff's Claim is Dependent Upon Interstate Transportation of Her Property.

Original jurisdiction of civil actions arising under the laws of the United States is conferred upon district courts by 28 USC § 1331.  Original jurisdiction over civil actions arising under 49 USC § 14706 is conferred, if the amount in controversy exceeds $10,000. Under these statutes, and under *Adams Express Co. v. Croninger* (1913) 226 U.S. 491[6], claims for loss or damage to property transported under

---

[2] 49 U.S.C. 14706.

[3] FAC, pg. 1, caption.

[4] FAC, pp. 1-2, ¶ 1.

[5] FRCP 12(b)(1), 12(b)(6).

[6] See also *Pietro Culotta Grapes v. Southern Pacific Transport*, 917 F. Supp, 713 (E.D. Cal. 1996).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

interstate commerce are governed by the Carmack Amendment. Plaintiff may therefore assert federal court jurisdiction for her property claim, providing that she has pled a valid claim under 49 USC § 14706, including the claim that her shipment was transported in interstate commerce. The facts pled in the first amended complaint do not meet this jurisdictional requirement.

The Carmack Amendment defines the parameters of interstate carrier liability for loss and damage to goods transported under interstate bills of lading, bringing uniform treatment to the carrier-shipper relationship. Claims arising out of loss or damage to property transported in *interstate* commerce are exclusively governed by the Carmack Amendment. Intrastate shipments, however, are not regulated by federal statute and are the subject of state regulation.

Regulation of interstate transit is effectuated by a scheme of statutes which address the transit of goods and persons in interstate transit. Regulation is authorized by 49 USC § 13501(1)(A), which confers jurisdiction "...over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier between a place in a State and a place in another State..."

Liability for damage to shipments of property traveling under a bill of lading, in interstate commerce, is provided in 49 USC § 14706, which provides for general liability as follows:

> A carrier providing transportation or service subject to jurisdiction under subchapter I[7] or III[8] of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier...[is] liable to the person entitled to recover under the

---

[7] 49 USC § 13501, et seq.

[8] 49 USC § 13531, et seq.

receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property...

### B. Plaintiff's Alleged Move Was Wholly Within The State of California.

In her first amended complaint, plaintiff has alleged a local move and storage, wholly within California. Plaintiff alleges that she contracted with Monterey to move certain personal property from her residence in Pebble Beach, California, into storage in Salinas, California.[9] The items were delivered out of storage by Monterey, to plaintiff's residence in Carmel Valley, California.[10] The first amended complaint contains no allegation that the goods were ever shipped in interstate commerce or that interstate commerce was in any way involved. There is no alleged interstate origin or destination of the good which were moved and stored. Instead, she alleges that certain items were not delivered, although those items were contained in a vault "...held under the exclusive possession and control of Monterey..."[11]

These facts, as alleged, do not fall within federal jurisdiction over interstate transit, under 49 USC §§ 13501, 14706. Without the underlying, regulated transit dispute, there is no jurisdiction conferred under 28 USC §§ 1331, 1137. Accepting the allegations of the complaint as true, the first amended complaint fails, on its face, to allege grounds for federal subject matter jurisdiction as required by F.R.C.P. 8(a). (*Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F.3d 1136, 1139.)

Intrastate moves within California are regulated by the California Public Utilities Commission. California *Public Utilities Code* § 5001 *et. seq.* establishes this authority over common carriers, including household goods carriers, allowing the

---

[9] FAC, , pg. 2, ¶ 4; pg. 3, ¶ 6.

[10] FAC, pg. 4, ¶ 11.

[11] FAC, pg. 5, ¶ 12.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

1 PUC to set rates and make other orders which create a standard by which all
2 household goods carriers operate. ( *Public Utilities Code*, §§5100 –5112. ) The PUC
3 has the power to fix rates and establish rules for the transportation of property by
4 carriers, to prohibit discrimination to regulate unreasonable charges, or
5 discriminatory charges. (Cal. Const. Art. XII, sec. 4) A common carrier is required to
6 file with the PUC, and to print and keep open for public inspection, schedules for
7 showing its rates, fares, charges and classifications for transportation of property
8 (Pub. Utl. Code sec. 486).  The regulations and rate limitations including provisions
9 regarding responsibility for the carriage, are provided in the PUC's Maximum Rate
10 Tariff 4 ("Max Rate 4 Tariff") governing the transportation of household goods.
11 California courts have found that the Max Rate 4 Tariff has the force and effect of
12 law.( *Dyke Water Co. v. PUC* (1961) 56 Cal.2d 105, 123.)[12]
13
14       The first amended complaint is properly dismissed under FRCP 12(b)(1),
15 based upon lack of subject matter jurisdiction.  From the detailed facts stated in the
16 pleading, it is evident that further amendment is not possible to cure this defect.
17 Plaintiff may properly file her claims in state court, but may not maintain them in
18 federal court.  Defendant therefore requests that its motion to dismiss be granted,
19 without leave to amend.
20
21 3.    <u>**PLAINTIFF HAS FAILED TO PLEAD FACTS WHICH SUPPORT A CLAIM**</u>
22       <u>**UPON WHICH RELIEF CAN BE GRANTED.**</u>
23       A. **PLAINTIFF'S FIRST CLAIM FOR RELIEF FAILS TO STATE A**
24           **CLAIM UNDER THE CARMACK AMENDMENT.**
25 ///
26
27 _____
28     [12]References to the Max Rate 4 Tariff are found in the first amended complaint, at pg. 8, ¶ 18, providing notice to plaintiff and her counsel that this claim falls within PUC, not federal regulation.

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

The first and only claim for relief is for "Contravention of Title 49 USC § 14706." She alleges that Monterey is "...liable to plaintiff...as a motor carrier under Title 49 USC § 14706."[13] As argued above in detail, no such liability exists.

Plaintiff cannot maintain this action for violation of a federal statute against Monterey under the facts as pled. Assuming that plaintiff's allegations are true, she is not entitled to any for of legal remedy in federal court. There is simply no legal theory which can be asserted in federal court.

In her pleading, plaintiff references documents which were generated in the course of her move and storage of goods at Monterey. These documents include an agreement for moving services dated January 11, 2002[14]. Other documents, referenced by effect, but not by name, include the warehouse receipt for storage of the goods[15] and the agreement for moving services dated January 13, 2005, under which the goods were delivered out of storage.[16] These documents are important because they establish the interstate nature of this claim, thereby proving plaintiff's inability to plead a claim for which recovery may be granted in federal court.

### B. Plaintiff is Well Aware of the Defects of Her Claim.

Plaintiff is well aware that her claim does not fall within the jurisdiction of the federal court. Her pleading demonstrates her awareness that her goods remained in California at all times and that they were never transported in interstate commerce. With this knowledge, there is no basis for allowing her further amendment to her

---

[13] FAC, pg. 12, First Claim for Relief.

[14] FAC, pg. 3, ¶ 7.

[15] FAC, pg. 3, ¶ 6.

[16] FAC, pg. 4, ¶ 11.

pleading. (*Jordan v. County of Los Angeles,* 669 F.2d 1311, 1324 (9th Cir.)[17]

Amendment of the complaint to assert jurisdiction is impossible.

4. **CONCLUSION**

Defendant Monterey respectfully requests that the Court should dismiss, with prejudice, Plaintiff's entire action, under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and under the Carmack Amendment.

Dated:      February 12, 2008

STONE, ROSENBLATT & CHA
A Professional Corporation

By: _____
GREGG S. GARFINKEL
LESLIE A. BLOZAN
Attorneys for Defendant
MONTEREY TRANSFER & STORAGE, INC.

---

[17] *Vacated on other grounds,* 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982), *on remand,* 713 F.2d 503 (9th Cir.1983), *opinion amended,* 726 F.2d 1366 (9th Cir.1984)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, CA 91367.

On February 12, 2008, I served the foregoing documents described as

- Notice Of Motion To Dismiss Under Rule 12(B)(1) And 12(B)(6) Of Federal Rules Of Civil Procedure
- Memorandum Of Points & Authorities In Support Of Notice Of Motion To Dismiss Under Rule 12(B)(1) And 12(B)(6) Of Federal Rules Of Civil Procedure

in the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Woodland Hills, California, addressed as follows:

Dean Browning Webb
8002 N. E. Highway 99, Ste. B
PMB#256
Vancouver, WA 98665-8833

I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day in the ordinary course of business, addressed as indicated above.

Executed on February 12, 2008, at Woodland Hills, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

_____
Judith Nourse