DEAN BROWNING WEBB, ESQUIRE, ricoman1968@aol.com
ATTORNEY AND COUNSELOR AT LAW
THE LAW OFFICES OF DEAN BROWNING WEBB
8002 N.E. HIGHWAY 99, SUITE B, PMB # 256
VANCOUVER, WASHINGTON ZIP CODE 98665-8833

TELEPHONE: [503] 629-2176


ATTORNEYS AND COUNSELORS AT LAW FOR PLAINTIFF:

RHONDA FARRAH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA FARRAH,<br><br>              Plaintiff,<br><br>vs.<br><br>MONTEREY TRANSFER &<br>STORAGE, INC., a California<br>corporation,<br><br>              Defendant. | CIVIL NO.: C07-06044 JW<br><br>RESPONSE MEMORANDUM OF LAW TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) and 12(b)(6)<br><br>DATE:    7 APRIL 2008<br>TIME:    9:00 A.M.<br>ROOM:    CTRM "8"<br><br>TELEPHONIC APPEARANCE REQUESTED |

      Plaintiff Rhonda Farrah hereby responds to defendant Monterey Transfer & Storage, Inc., FRCP 12(b)(1) and (b)(6) motion to dismiss as follows.

      Plaintiff's counsel respectfully requests the ability to appear telephonically at the oral argument on this motion.

1.    INTRODUCTION

      This action arises from defendant's loss of certain of plaintiff's household goods and other personal property items that were stored at defendant's physical

RESPONSE MEMORANDUM OF LAW

facility in Salinas, CA. Plaintiff alleged that defendant admitted the loss, that defendant had exclusive possession and control over plaintiff's properties at the time of loss, and that defendant admitted that it did not find, locate, or recover plaintiff's items.

Plaintiff originally filed this action, citing 49 U.S.C. § 14706(e)(1) of the Federal Motor Carrier Safety Administration Act, and 28 U.S.C. §§ 1331 and 1337. Though that pleading asserted breach of contract and conversion claims, a reading of the complaint revealed the factual nature of the dispute was embraced by the Carmack Amendment. Defendant advanced the Carmack Amendment and federal preemption as the basis of its argument under FRCP 12(b)(6) to dismiss the action, stating that plaintiff should be allowed leave to amend to allege a claim under the federal statute. The factual allegations revealed that plaintiff's goods were packed, shipped, and stored by defendant in January, 2002, and the goods were stored at defendant's facility subject.

Based upon defendant's Carmack Amendment contention, plaintiff elected to amend the pleading as a matter of right allowed under FRCP 15(a), to cure the pleading deficiency identified by defendant. Plaintiff filed a first amended complaint, amplifying and expounding upon certain factual allegations and contentions regarding communiques exchanged between the agents for the respective parties relative to the loss of plaintiff's items, the notice of claim of loss submission, and issues pertaining to the failure, refusal, or absence of cooperation between the parties' agents relative to confirm submission of signed and dated contractual documents, transmission of defendant's notice of claim of loss form to plaintiff's agent, plaintiff's attorney, or plaintiff, and defendant's unwillingness to resolve the dispute without the necessity of plaintiff instituting this action. See FAC ¶¶ 5-12, 21-23.

Plaintiff contends that defendant's present motion, asserting lack of subject matter jurisdiction, is patently inconsistent with its original position wherein

2       RESPONSE MEMORANDUM OF LAW

defendant argued federal preemption under the Carmack Amendment. Plaintiff did not, and does not, dispute the application of the federal statute; however, plaintiff contends that defendant's inconsistent position constitutes a judicial estoppel. Accordingly, the motion should be denied.

2.  **FEDERAL SUBJECT MATTER JURISDICTION IS DISPUTED WHERE JUDICIAL ESTOPPEL APPEARS**

The parties to a federal civil action cannot create subject matter where none exists. Thus, their stipulations do not confer jurisdiction where, for example, no diversity of citizenship or federal question is involved. ***Bender v. Williamsport Area School Dist.,*** 475 U.S. 534, 541 (1986). However, the doctrine of judicial estoppel may bar a party from taking inconsistent positions in the same litigation. *See **Milgard Tempering, Inc., v. Selas Corp. of America,*** 902 F.2d 703, 716 (9th Cir. 1990); ***Rissetto v. Plumbers & Steamfitters Local 343,*** 94 F.3d 597, 602-604 (9th Cir. 1996) (judicial estoppel recognized and applied to inconsistent positions taken in different cases).

It is unclear, though, to what extent this equitable doctrine applies to the court's subject matter jurisdiction. The Third Circuit addressed this issue in ***Di Frischia v. New York Central Railroad Company,*** 271 F.2d 141 (3rd Cir. 1960). ***Di Frischia*** involved a personal injury action where plaintiff was struck by defendant's train at a Ohio grade crossing. The trial court dismissed the action for lack of federal diversity, and the plaintiff appealed. Reversing, the Third Circuit held that where the defendant filed an answer challenging diversity jurisdiction but later stipulated that the federal court had jurisdiction, and participated in discovery and pretrial procedures preparatory to merits trial, and then moved to dismiss for lack of jurisdiction, was an abuse of discretion. The court poignantly stated that: " a defendant may not play fast and loose with the judicial machinery to deceive the courts." 279 F.2d at 144. See 13 C. Wright, A. Miller, & E. Cooper, Federal Practice

1  and Procedure § 3522 at nn. 18, 21-22. However, the courts have restricted ***Di
2  Frischia*** to its particular facts, though the decision remains valid authority on the
3  estoppel issue. Shepardizing this opinion through West Law reveals that both the
4  Ninth Circuit and district courts within the circuit have not considered the application
5  of ***Di Frischia***.

6      Plaintiff contends that defendant's previous motion raising federal
7  preemption jurisdictional arguments that this Court has jurisdiction over this
8  proceeding precludes defendant's inconsistent position asserted herein. Defendant
9  withdrew its original dismissal motion after plaintiff filed the first amended
10 complaint. The factual allegations relative to the intrastate shipment and disposition
11 of plaintiff's goods were known to defendant at all times material herein. Plaintiff
12 alleged that defendant's activities are subject to 28 U.S.C. § 1337, which refers to
13 activities that affect federal commerce, and,, as such, this Honourable Court can
14 exercise competent subject matter jurisdiction.

15     Accordingly, the motion to dismiss under FRCP 12(b)(1) should be denied.

17 3.    THE STORAGE OF PLAINTIFF'S GOODS AT DEFENDANT'S FACILITY
18     AWAITING SUBSEQUENT DISPOSITION IS GOVERNED BY THE
19     CARMACK AMENDMENT

20     A FRCP 12(b)(6) dismissal is proper only where there is ***either*** a "lack of a
21 cognizable legal theory" ***or*** "the absence of sufficient facts alleged under a cognizable
22 legal theory." ***Balistreri v. Pacifica Police Dept.***, 901 F.2d 696, 699 (9th Cir. 1990);
23 ***Cahill v. Liberty Mut. Ins.***, 80 F.3d 336, 337-338 (9th Cir. 1996). See Rutter Group
24 Practice Guide, W. Schwarzer, A. Tashima, and J. Wagstaffe, **Federal Civil
25 Procedure Before Trial,** Chapter 9, ¶¶ 9:187. In resolving a Rule 12(b)(6) motion,
26 the District Court must (1) construe the complaint in light most favorable to the
27 plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine
28 whether plaintiff can prove any set of facts to support a claim that would merit relief.

1  ¶ 9:213. ***Parks School of Business, Inc., v. Symington,*** 51 F.3d 1480, 1484 (9th Cir.
2  1995). Rule 12(b)(6) motions are "especially disfavored in cases where the complaint
3  sets forth a novel legal theory that can best be assessed after factual development."
4  ***Baker v. Cuomo,*** 58 F.3d 814, 818-819 (2nd Cir. 1995).

5        Defendant contends that due to the intrastate shipment and storage of plaintiff's
6  goods, that plaintiff cannot assert a claim under the Carmack Amendment. Plaintiff
7  contends to the contrary.

8        Plaintiff's attorney at the time, Barry K. Rothman, of Century City, CA,
9  functioned both as plaintiff's attorney and pursuant to a written power of attorney
10 upon behalf of plaintiff in plaintiff's matters. Plaintiff did not at any time receive
11 any documents defendant furnished to Rothman for review, execution, and return to
12 defendant. Rothman acted as plaintiff's agent on this matter. In fact, though not
13 alleged within the amended pleading, plaintiff at the time, and up through and
14 including July, 2005, had been incarcerated at a federal prison facility between
15 August, 2000, first in Dublin, CA, and later at Victorville, CA, transferred to a half
16 way house in July, 2005, and released therefrom sometime in August, 2005. Plaintiff
17 never saw defendant's contractual agreements. Plaintiff's goods were held at
18 defendant's facility pending further instruction, which Rothman notified defendant's
19 agent in January, 2005, to that effect.

20       There exists, however, a genuine factual issue regarding the loss of plaintiff's
21 properties committed by defendants. Plaintiff alleges at FAC ¶ 10 that defendant's
22 general manager in April, 2004, via telephone, informed Rothman that defendant lost
23 one of three [3] vaults containing plaintiff's goods; however, there is no proof that
24 defendant's agent sent a letter and claim of loss notice form to Rothman's office in
25 order that the contractual nine [9] month term for submission of the required form
26 of loss claim notice could be submitted by Rothman. Defendant exercised sole
27 control and possession over plaintiff's goods at all times and admitted that it lost the
28 vault in question. At the time of the loss, plaintiff was incarcerated at Victorville, CA.

5    RESPONSE MEMORANDUM OF LAW

      Another genuine factual dispute exists regarding whether defendant's general manager notified plaintiff in August, or September, 2005, of the lost vault, and whether defendant's general manager provided plaintiff with the form of claim of loss notice for purposes of submission to defendant. On January 13, 2005, Rothman, plaintiff's agent, sent a letter to defendant instructing defendant to deliver plaintiff's goods to 29 LaRancheria, Carmel Valley, CA. At this time plaintiff was incarcerated at Victorville, CA. FAC ¶ 11. There is no letter or any other form of communication from defendant to Rothman's letter addressing the lost vault, what efforts, if any, were made by defendant to find, locate and recover the vault, and whether a police report was filed with the City of Salinas. FAC ¶ 12. No letter or claim of loss form was submitted to Rothman by defendant. Nor is there evidence of any letter sent from defendant to plaintiff herself after her release from the Victorville penal facility with a claim of loss form.

      Although the shipment of plaintiff's goods to defendant's storage facility was within the state of California, Carmack Amendment jurisdiction nonetheless exists. The federal court in *Harris v. Crown Moving,* 2007 U.S. Dist. LEXIS 43111 (E.D. Wash., June 14, 2007) addressed this issue in the context of examining the shipper's state of mind as to destination. In that case, plaintiffs asserted state law claims arising from damages to their goods stored prior to interstate shipment, arguing that the loss of those goods after being picked up but prior to being shipped were not preempted by the Carmack Amendment. The district court cited to the definition of "transportation" under the Amendment and recognized that losses experienced during origin storage to be merely incidental to transportation, covered by the Carmack Amendment:

> [T]he Carmack Agreement defines transportation as including:
> (B) services related to that movement, including arranging for, receipt, delivery, elevation, **[*5]** transfer in transit, refrigeration, icing, ventilation, **storage,** handling, packing, unpacking and interchange of passengers and property. Courts have interpreted this language to include virtually everything related in any way to the move of household goods. *See Marks v. Suddath*

6    RESPONSE MEMORANDUM OF LAW

*Relocation Systems, Inc., 319 F. Supp. 2d 746, 750 (S.D. Tex. 2004)*(the dispositive fact is that all of their claims are based on allegations that Suddath (the carrier) damaged and/or lost property where transportation and storage was governed by an interstate bill of lading); *Rini v. United Van Lines, 104 F.3d 502, 506 (1st Cir. 1997)* (finding that state law claims that are preempted "include all liability stemming from the damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims.)

Further, courts who have dealt with losses sustained during origin storage, as is the case here, have held that losses sustained during that storage are merely incidental to the transportation of goods and are covered by the Carmack Amendment. *Diamond Transportation Group Inc. V. Emerald Logistics Solutions Inc., 2006 U.S. Dist. LEXIS 42918, 2006 WL 1789036 (E.D. Pa. 2006)*; **[\*6]** *Rahim Visram v. Darryl Flood Warehouse and Moves, 2006 U.S. Dist. LEXIS 37647, 2006 W.L. 305802 (S.D. Tex. 2006)*; *Newens v. Orna Services, Inc., 2002 U.S. Dist. LEXIS 10685, 2002 WL 131734 (N.D. Cal. 2002)* (**loss or damage to possessions during intrastate transportation and storage of possessions in preparation for an interstate move are covered by Carmack.**)

Plaintiffs allege that their goods were damaged while stored in a Mayflower Transit truck prior to their shipment to Arizona, which clearly falls within the preemptive scope of the Carmack Amendment and all the Plaintiffs' state law claims must be dismissed. Defendant Crown Moving must also be dismissed as a Defendant.

2007 U.S. Dist. LEXIS 43111, at \*\*4-6.

The court allowed plaintiffs an opportunity to file an amended pleading as to Mayflower Transit Corp, however, for damages suffered as the result of the loss of their goods while in storage.

Plaintiff contends that subject matter jurisdiction exists, and notwithstanding the intrastate shipment and storage of plaintiff's goods, genuine factual issues exist warranting retention of this case by this Honourable Court.

Accordingly, the motion to dismiss under FRCP 12(b)(6) should be denied.

///
///
///
///
///
///
///

7    RESPONSE MEMORANDUM OF LAW

CONCLUSION

Based upon the foregoing, the motion to dismiss under FRCP 12(b)(1) and (b)(6) should be denied.

Plaintiff's counsel, maintaining his principal place of the practice of law within the City of Vancouver, the County of Clark, State of Washington, respectfully requests permission to appear telephonically on the motion.

Dated: 14 March 2008.

                         DEAN BROWNING WEBB
                         ATTORNEY AND COUNSELOR AT LAW

                         */s/ Dean Browning Webb*
                         DEAN BROWNING WEBB
                         ATTORNEY S FOR PLAINTIFF:
                         RHONDA FARRAH