Gregg S. Garfinkel (State Bar No. 156632)
Leslie A. Blozan (State Bar No. 81481)
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Tel:   (818) 999-2232
Fax:   (818) 999-2269
email: ggarfinkel@srclaw.com

Attorneys for Defendant
Monterey Transfer & Storage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT - SAN JOSE DIVISION

| | |
|---|---|
| RHONDA FARRAH,<br><br>   Plaintiff<br><br>v.<br><br>MONTEREY TRANSFER & STORAGE, INC., a California corporation,<br><br>   Defendant. | Case No.: Case No. C07-06044 JW<br><br>Complaint filed: 11/29/07<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.<br><br>DATE:         April 7, 2008<br>TIME:         9:00 a.m.<br>COURTROOM:   8 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

DEFENDANT Monterey Transfer and Storage offers it reply to plaintiff's opposition to defendant's motion to dismiss the first amended complaint under F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6), set for hearing on April 7, 2008 at 9:00 a.m. in Courtroom 8 of the United States District Court, Northern District, located in San Jose, California, as follows:

///

1

REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff has always, incorrectly characterized this case as one of interstate commerce, subject to the Carmack Amendment. She has consistently, incorrectly asserted federal jurisdiction under 49 USC § 14706(d), (e)(1), 28 USC §§ 1331, 1137. Notwithstanding plaintiff's opposition to the pending motion to dismiss, the facts remain unchanged: the events described in plaintiff's pleadings do not involve interstate commerce, thus no federal jurisdiction exists.

Under Rule 11(b)(2) of the Federal Rules of Civil Procedure, plaintiff's counsel has certified that the claims and legal contentions contained in plaintiff's pleadings are warranted by existing law. Under Rule 11(b)(3), he has warranted that the factual contentions made in the pleadings have evidentiary support. Assuming the factual allegations of the pleading to be true, the transactions between Rhonda Farrah and Monterey Transfer & Storage, Inc., were strictly limited to intrastate commerce, within the state of California. Defendant's motion to dismiss is therefore well taken and properly granted by the court.

## 2. THERE IS NO FEDERAL JURISDICTION OVER PLAINTIFF'S CLAIM

As plaintiff correctly points out, "federal courts are not courts of general jurisdiction, they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." (*Bender v. Williamsport Area School Dist.* 475 U.S. 534, 541 (U.S.Pa.,1986), citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803).) Applying the particular facts of this case to the jurisdictional issue, plaintiff must demonstrate the application of the Carmack Amendment to her move and storage. In her pleadings, she has not done so and cannot do so by further amendment.

///

Questions of liability are irrelevant at this stage of the proceedings, when jurisdiction is in dispute. Plaintiff asserts "genuine factual issues" regarding "the loss of plaintiff's properties committed by defendants." She refers to the alleged loss of her stored goods and possible lack of notice of the time period for making a claim.[1] A second "genuine factual dispute" is asserted, addressing communications between defendant and plaintiff or her agent, pertaining to the alleged loss.[2] The issue of jurisdiction is not meaningfully addressed.

Plaintiff admits that "…the shipment of plaintiff's goods to defendant's storage facility was within the state of California."[3] Relying upon unpublished authority[4], she contends that federal jurisdiction will attach to a case involving a shipment destined for interstate transit, but which was damaged while intrastate. This authority is inapplicable to the instant case, as the facts as pled by plaintiff show that plaintiff's move was always within California, without any actual or intended interstate transportation.

Once again, the first amended complaint alleges a local move and storage, between Pebble Beach, to Salinas to Carmel Valley, California. There is no allegation that plaintiff's goods were ever governed by an interstate bill of lading, or that an interstate bill of lading ever existed for any aspect of the Farrah move. There are no allegations that the origin, storage or destination of the shipment was ever anywhere outside of California.

3. THERE IS NO BASIS FOR APPLICATION OF JUDICIAL ESTOPPEL.

---

[1] Plaintiff's opposition to motion to dismiss, page 5, lines 20-28.

[2] Plaintiff's opposition to motion to dismiss, page 6, lines 1-13.

[3] Plaintiff's opposition to motion to dismiss, page 6, lines 14-15.

[4] *Harris v. Crown Moving,* 2007 U.S. Dist. LEXIS 43111 (E.D. Wash., June 14, 2007), published as a slip opinion only.

REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.

Plaintiff seeks to assert judicial estoppel in order to create non-existent federal jurisdiction, but application of that doctrine is unwarranted. No inconsistent position has been taken by defendant. The problem lies in plaintiff's pleadings, not defendant's actions.

"Judicial estoppel precludes a party from asserting a position in a current legal proceeding which is contrary to the position that party previously asserted in another." (*Stevens Technical Services, Inc. v. S.S. Brooklyn* 885 F.2d 584, 588 (C.A.9 (Or.),1989), citing *Garcia v. Andrus*, 692 F.2d 89, 94 (9th Cir.1982); see also 1A J. Moore, J. Lucas and T. Currier, *Moore's Federal Practice* § . 405(8) (2d ed. 1984); *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir.1987).) "Most circuits have refused to apply the doctrine of judicial estoppel unless the inconsistent assertion in the subsequent litigation was adopted in some manner by the court in the prior litigation. [Citations omitted.]... The purpose for this majority view is that absent judicial acceptance of the prior inconsistent position, no risk of inconsistent results exists. Thus, the integrity of the judicial process is unaffected and the perception and/or danger that either the first or subsequent court was misled is not present. [Citations omitted.]" (*Stevens, supra.* at pg. 588-589.) The Ninth Circuit has acknowledged the doctrine of judicial estoppel and its effect of barring inconsistent positions. It has not stated the requirements of applying the doctrine." (*Stevens, supra.* at pg. 589.)

The original complaint filed by Rhonda Farrah clearly stated the Carmack Amendment as the basis for federal jurisdiction, yet pled California common law allegations of breach of contract and conversion, in the context of her local move and storage. There is no diversity jurisdiction, as plaintiff has correctly alleged that defendant is a California corporation. No other "federal question" is presented. Therefore, for plaintiff to remain in federal court, the only basis for jurisdiction must be the Carmack Amendment.

Defendant filed its initial motion to dismiss, addressing the state pre-emption

4

REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.

issues only. This position is not inconsistent with the current motion, only preliminary to it. Plaintiff's counsel chose the forum and certified, under Rule 11(b) of the F.R.C.P. that the allegations were correct and supported by evidence. Based upon the allegations of the first amended complaint, the allegations are either incorrect, or unsupported by the evidence. It was appropriate that plaintiff amend the complaint, with the possibility that other facts existed which could be pled, bringing the claim within the ambit of Carmack.

Counsel for the parties discussed the issues of the case, and the fact that there was no federal claim under Carmack, based upon the facts alleged. The telephone conversations were confirmed by letter from defendant's counsel to plaintiff's counsel, dated January 22, 2008. This letter explained the difference between interstate and intrastate claims and advised counsel of the issues, including the complete absence of federal jurisdiction. (Blozan declaration, page 2, paragraph 3.)

Despite having actual knowledge of the lack of federal jurisdiction under Carmack, plaintiff filed her first amended complaint on February 1, 2008, asserting the same facts and basis for jurisdiction. The state claims were dropped and new facts were alleged, the majority of which served to confirm the intrastate nature of the transaction. The sole new allegation which suggested federal jurisdiction was the statement that "Monterey is [sic] motor carrier engaged in activities that affect federal interstate commerce, authorized pursuant to the Federal Motor Carrier Safety Administration Act[5]."

With the amended pleading, it became evident that the factual basis of the pleading is an intrastate move, not subject to Carmack. Mrs. Farrah only had two choices for her suit: to continue in federal court with the "proper" allegations, or to dismiss her action and pursue her claim in state court. She opted for federal court, knowing the inherent jurisdictional issues.

Plaintiff has suffered no prejudice from the two motions filed by defendant. The

---

[5] First amended complaint, page 2, ¶ 3, line 12-14.

5

REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.

case is in the earliest stages of pleadings. There has been no reliance upon any actions taken by defendant, to date. Rather, defendant has sought to educate counsel on the intricacies of federal and state transportation law. There is no basis for judicial estoppel, as neither the court, nor plaintiff have been misled. No court has adopted any position taken by defendant. No risk of inconsistent results exists.

Based upon the foregoing argument and authorities, and based upon the argument and authorities presented in the pending motion, defendant respectfully requests that the motion to dismiss be granted.

DATED: March 18, 2008

STONE | ROSENBLATT | CHA
A Professional Law Corporation

By: _____
GREGG S. GARFINKEL
LESLIE A. BLOZAN
Attorneys for Defendant Monterey Transfer and Storage, Inc.

REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On March _19_, 2008, I served the foregoing document described as: REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.
on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[x]  (BY MAIL) I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[x]  (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[ ]  (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[ ]  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]  (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]  Executed on March _19_, 2008 at Woodland Hills, California.

[ ]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                            _____
                                            Judith Nourse

Proof of Service

SERVICE LIST

Dean Browning Webb
8002 N. E. Highway 99
Suite B
PMB #256
Vancouver, WA 98665-8833

ricoman@aol.com

Proof of Service