Gregg S. Garfinkel (State Bar No. 156632)
Leslie A. Blozan (State Bar No. 81481)
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California 91367
Tel: (818) 999-2232
Fax: (818) 999-2269
email: ggarfinkel@srclaw.com

Attorneys for Defendant
Monterey Transfer & Storage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT - SAN JOSE DIVISION

| | |
|---|---|
| RHONDA FARRAH,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>MONTEREY TRANSFER & STORAGE, INC., a California corporation,<br><br>　　　　Defendant. | Case No.: Case No. C07-06044 JW<br><br>Complaint filed: 11/29/07<br><br>DECLARATION OF LESLIE A. BLOZAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS.<br><br>DATE:　　April 7, 2008<br>TIME:　　9:00 a.m.<br>COURTROOM:　8 |

I, LESLIE A. BLOZAN, hereby state and declare:

1. That I am an attorney licensed to practice in the courts of the State of California and am admitted to practice before the United States District Court, Northern District. I am associated with Stone, Rosenblatt & Cha, counsel of record for defendant Monterey Transfer & Storage, Inc. If called as a witness, I am competent to testify to the following facts as being true and correct and within my personal knowledge:

2. That in mid-January, this declarant began speaking with plaintiff's counsel, Dean Webb, discussing the factual and jurisdictional aspects of this case. In a series of

///

conversations between January 18, 2008 and January 22, 2008, we discussed the application of the Carmack Amendment to interstate commerce claims, and the application of state law as to intrastate claims.

3. In follow up to this series of conversations, on January 22, 2008, this declarant sent a letter to Dean Webb, providing authorities for application of the Carmack Amendment for interstate moves as well as application of the California Maximum Rate 4 Tariff for intrastate moves. A true and correct copy of this letter is attached as Exhibit "A" and incorporated by this reference. The letter was sent by e-mail.

4. After sending the e-mail letter to Mr. Webb, the first amended complaint was filed. This declarant again spoke with Mr. Webb by telephone. On February 11, 2008, counsel had further discussions on the subject of the January 22, 2008 letter.

I declare under penalty of perjury under the laws of the state of California and the United States of America, that the foregoing is true and correct and within my personal knowledge.

Executed this 28th day of March, 2008 at Woodland Hills, California.

_____
LESLIE A. BLOZAN
Declarant

DECLARATION OF LESLIE A. BLOZAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS.

Exhibit A

**STONE | ROSENBLATT | CHA**
A PROFESSIONAL LAW CORPORATION

Leslie A. Blozan | Associate
818-595-7725
lblozan@srclaw.com

January 22, 2008

<u>Via E-Mail</u>

Dean Browning Webb, Esq.
ricoman1968@aol.com

Re:   Rhonda Farrah vs. Monterey Transport & Storage

Dear Dean:

As we discussed, it is our position that there are two major problems with this suit, one of which is fatal to the action. The move and storage was strictly intrastate, and as such, is governed by the Maximum Rate 4 Tariff, promulgated by the California Public Utilities Commission, and not by the Carmack amendment.

Claims arising out of loss or damage to property held that claims arising out of loss or damage to property transported in *interstate* commerce are exclusively governed by the Carmack Amendment. All state law claims for are preempted. (*Adams Express Co. v. Croninger* (1913) 226 U.S. 491; *Pietro Culotta Grapes v. Southern Pacific Transport*, 917 F. Supp, 713 (E.D. Cal. 1996).)

When goods are moved and stored in intrastate commerce, they fall within the jurisdiction of the California PUC. *Public Utilities Code* § 5001 et. seq. gives the PUC authority over common carriers, including household goods carriers.[Id.] The PUC has the authority to set rates, and make other orders which create a standard by which all household goods carriers operate within the state of California. (*Public Utilities Code*, §§5100 –5112.)

The PUC has established rules for the transportation of property by carriers. (Cal. Const. Art. XII, § 4; *Public Utilities Code* §486). The PUC regulates the operations of the carriers through regulations which are found Maximum Rate 4 Tariff governing the transportation of household goods. This tariff has the force and effect of law.(*Dyke Water Co. v. PUC* (1961) 56 Cal.2d 105, 123.)

If you research these statutes and regulations, you will see that the Farrah move and storage was governed by the Max Rate 4 Tariff. Mrs. Farrah's claim against Monterey Transport & Storage properly belongs in state court, not federal court. Although you have pled a cause of action relying upon Carmack, the facts demonstrate that this is not the case.

Even if the suit were filed in the correct jurisdiction, it still has a fatal flaw: the claim was not timely presented. We lack the documentation for this specific move, but are familiar with the terms on the standard freight bill. On the reverse side of the Agreement for Services, you will find a paragraph (we believe it to be number 8) which specifies that notice of a claim must be presented to Monterey

Dean Browing Webb, Esq.
January 22, 2008
Page 2

Transport within nine months from the date of loss. Mrs. Farrah would have had until October, 2005 within which to file her claim. Verbal notice of the existence of a claim is insufficient. The written notice was not received until May, 2006, well beyond the limitations period. Any action filed in state court regarding this loss will be met with the necessary motions, including summary judgment, on this limitations issue.

As you see, there are significant problems with the case before we even get to the merits, and whether Mr. Rothman signed or received certain documents. We are in the process of attempting to obtain complete documentation of the move and storage from our client. If the documents are not available due to the passage of time, we will need to seek discovery from Mr. Rothman directly.

Hopefully this explanation is useful to you in evaluating your case and your options. We look forward to speaking with you in the near future.

Sincerely,

STONE | ROSENBLATT | CHA

*Leslie A. Blozan*

Leslie A. Blozan

LAB:mt

cc: Joy Papailias

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On March 19, 2008, I served the foregoing document described as: REPLY TO OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) OF FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF LESLIE A. BLOZAN IN SUPPORT THEREOF.
on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[x]   (BY MAIL) I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[x]   (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[ ]   (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]   (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]   Executed on March 19, 2008 at Woodland Hills, California.

[ ]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Judith Nourse*

Proof of Service

SERVICE LIST

Dean Browning Webb
8002 N. E. Highway 99
Suite B
PMB #256
Vancouver, WA 98665-8833

ricoman@aol.com