United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rhonda Farrah, | NO. C 07-06044 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| Monterey Transfer & Storage, Inc., | |
| Defendant. | |

## I. INTRODUCTION

Rhonda Farrah ("Plaintiff") brings this action against Monterey Transfer & Storage, Inc. ("Defendant") for alleged violation of the Interstate Commerce Act, 49 U.S.C. § 14706. Presently before the Court is Defendant's Motion to Dismiss. (hereafter, "Motion," Docket Item No. 9.) The Court conducted a hearing on April 7, 2008. Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

## II. BACKGROUND

In a First Amended Complaint filed on February 1, 2008, Plaintiff alleges as follows:

Plaintiff is an individual residing in Monterey, California.[1] (First Amended Complaint for Contravention of Federal Motor Carrier Safety Administration Act ¶ 2, hereafter, "FAC," Docket Item No. 7.) Defendant is a California corporation with its

---

[1] (Plaintiff filed the original complaint on November 29, 2007, alleging two causes of action: (1) breach of contract and (2) violation of 49 U.S.C. § 14706. (See Docket Item No. 1.) In response to Defendant's motion to dismiss, Plaintiff filed an Amended Complaint.

principal place of business in California.  (Id. ¶ 3.)  Defendant provides moving and storage related services for individual consumers.  (Id. ¶ 6.)

On January 11, 2002, Plaintiff's attorney, Barry K. Rothman ("Rothman"), arranged for Defendant to package, transfer, and store Plaintiff's personal belongings.  (Id.)  In April 2004, Defendant notified Rothman by telephone that one of the three containers holding Plaintiff's items had been lost.  (Id. ¶ 10.)  The value of the items in the lost vault is estimated to be $205,010.00.  (Id. ¶ 12.)  Plaintiff filed a claim with Defendant's insurance carrier.  (Id.)  Defendant's insurance carrier has neither approved nor denied Plaintiff's claim.  (Id. ¶ 23.)

On the basis of the allegations outlined above, Plaintiff alleges a single cause of action for violation of the Interstate Commerce Act, 49 U.S.C. § 14706.

Presently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction.

### **III.  STANDARDS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction.  A 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See Wolfe, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.  White v. Lee, 227 F.3d 1214, 1242

2

(9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

## IV. DISCUSSION

Defendant moves to dismiss on the ground that the Court lacks subject matter jurisdiction. Defendant contends that the Interstate Commerce Act does not apply to goods transported within a state. (Motion at 2.)

Under the Interstate Commerce Act, a carrier may be held liable for goods lost or damaged during transit.[2] 49 U.S.C. § 14706  However, the reach of § 14706 is defined by reference to the jurisdiction of the Surface Transportation Board. 49 U.S.C. § 14706(a)(1). The Surface Transportation Board has jurisdiction over goods transported between "a place in a State and a place in another State" or, between "a State and another place in the same State through another State." 49 U.S.C. § 13501(1)(A), (B). A plaintiff may sue under § 14706 in either state or federal court; however, district courts have original jurisdiction only if the amount in controversy exceeds $10,000. 28 U.S.C. § 1337(a).

Whether transportation is interstate or intrastate under the Interstate Commerce Act "is determined by the essential character of the commerce, manifested by the shipper's fixed and persisting transportation intent at the time of the shipment, and is ascertained from all of the facts and circumstances surrounding the transportation." S. Pac. Transp. Co. v. I. C. C., 565 F.2d 615,

---

[2] Section 14706 is also known as the "Carmack Amendment." See Adams Express Co. v. Croninger, 226 U.S. 491 (1913). The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887. In enacting it, Congress intended to provide interstate carriers with reasonable certainty and uniformity in predicting their potential liability. The Carmack Amendment did this both by establishing a single uniform regime for recovery by shippers directly from the interstate common carrier in whose care their items are damaged, and by preempting the shipper's state and common law claims against a carrier for loss or damage to goods during shipment. See generally Project Hope v. M/V IBN SINA, 250 F.3d 67, 73 n.6 (2nd Cir. 2001).

617 (9th Cir. 1977). When goods are shipped entirely within a state, the Interstate Commerce Act does not apply. See, e.g., Burlington N., Inc. v. Weyerhaeuser Co., 719 F.2d 304, 310 (9th Cir. 1983).

In this case, Plaintiff alleges that she arranged for Defendant to package and transfer her personal property from her home in Pebble Beach, California, to Defendant's storage facility in Salinas, California. (FAC ¶ 4.) There are no allegations that her personal property was ever intended to or did in fact leave the state of California. Thus, the agreement between the parties did not involve the transportation of goods between "a place in a State and a place in another State" or between "a State and another place in the same State through another State." Therefore, the transportation of Plaintiff's goods is not within the jurisdiction of the Interstate Commerce Act.

Plaintiff contends that a wholly intrastate move may be covered by the Interstate Commerce Act. (Motion at 6.) Plaintiff relies on several cases[3] where courts held that loss of a shipment during intrastate transport is covered by the Interstate Commerce Act if the intrastate transport was only the first portion of an interstate move. (Id.) These cases are inapposite to Plaintiff's claim because she does not allege that her agreement with Defendant included transportation to an ultimate destination outside of California. On the contrary, Plaintiff alleges that her property was destined for storage at Defendant's warehouse in California. (FAC ¶ 4.) Plaintiff further alleges that the remainder of her property was ultimately delivered to her residence in Carmel Valley, California. (Id. ¶ 11.) Thus, unlike the cases cited, Plaintiff's arrangement with Defendant did not contemplate any interstate transportation.

In the alternative, Plaintiff contends that Defendant should be judicially estopped from challenging the Court's subject matter jurisdiction. (Motion at 3.)

---

[3] Plaintiff relies on Marks v. Suddath Relocation Sys., Inc., 319 F. Supp. 2d 746, 750 (S.D. Tex. 2004); Rini v. United Van Lines, 104 F.3d 502, 506 (1st Cir. 1997); Diamond Transp. Group, Inc. v. Emerald Logistics Solutions, Inc., 2006 WL 1789036 (E.D. Pa. 2006); Rahim Visram v. Darryl Flood Warehouse and Moves, 2006 WL 305802 (S.D. Tex. 2006); and Newens v. Orna Servs. Inc., 2002 WL 131734 (N.D. Cal. 2002).

4

Judicial estoppel is an equitable doctrine that "precludes a party from asserting a position in a current legal proceeding which is contrary to the position that party previously asserted in another." Stevens Technical Services, Inc. v. S.S. Brooklyn, 885 F.2d 584, 588 (9th Cir. 1989) (quotations and citations omitted). The rule can be invoked by the court at its discretion and "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (quotations and citations omitted). Courts have uniformly recognized that the purpose of judicial estoppel is "to protect the integrity of the judicial process," by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 750 (quotations and citations omitted).

In this case, Defendant had previously asserted that Plaintiff's state law claims were preempted by the Interstate Commerce Act. (See Defendant's Motion to Dismiss, Docket Item No. 4.) Plaintiff relies on Di Frischia v. New York Cent. R.R. Co., 271 F.2d 141 (3rd Cir. 1960) for the proposition that judicial estoppel may prevent a party from challenging subject matter jurisdiction if it had previously asserted that jurisdiction existed. (Motion at 3.) Di Frischia involved a defendant who maintained that there was diversity of citizenship between the parties so that federal jurisdiction was proper under 28 U.S.C. § 1332. However, after the statute of limitations expired, defendant claimed that it was not diverse and sought to dismiss the action. The district court dismissed the case for lack of subject matter jurisdiction. The Third Circuit reversed, holding that judicial estoppel prevented defendant from playing "fast and loose with the judicial machinery [to] deceive the courts." Id. at 144.

However, the Supreme Court in Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982), and Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978), made it clear that jurisdiction cannot be created by estoppel, even as a sanction for defendant's bad faith conduct. The Third Circuit itself recognized the abrogation of Di Frischia in Rubin v. Buckman, where it stated that in light of Ins. Corp. Of Ireland and Kroger, Di Frischia "can no

5

longer be regarded as the law of this circuit." 727 F.2d 71, 72 (3rd Cir. 1984); see also Mennen Co. v. Atlantic Mut. Ins. Co., 147 F.3d 287 n.9 (3rd Cir. 1998).

Thus, assuming *arguendo* that Defendant has taken contrary positions, such actions are irrelevant for determining the Court's subject matter jurisdiction. Accordingly, the Court GRANTS Defendant's motion to dismiss.

### V.  CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Since amendment would not cure the defect in jurisdiction, Plaintiff's First Amended Complaint is dismissed with prejudice.

Dated:  May 23, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dean Browning Webb ricoman1968@aol.com
Gregg S. Garfinkel ggarfinkel@srclaw.com

**Dated:  May 23, 2008**                              **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers
                                                             Elizabeth Garcia
                                                             Courtroom Deputy**